TAMSON J. AMBLER, Respondent, *v.* GEORGE A. COX,
Appellant.

*Boundary line — when it can be established by parol.*

Where a boundary line is uncertain, indefinite and disputed, the owners of the
adjoining lots may agree upon and establish, by parol, a line, which neither
can afterwards dispute.

Appeal from a judgment in favor of the plaintiff, entered upon
the verdict of a jury. A motion for a new trial was made on the
minutes and was denied.

*Wm. H. Dickinson*, for the appellant.

*Q. McAdam*, for the respondent.

Barnard, P. J.:

The plaintiff and defendant are adjoining owners of land. The
plaintiff's lands lie on the north and the defendant's on the south
side of the division line. Both pieces touch the Hudson river, and
the question is as to the true location of the boundary line from
the Hudson river west to Piermont road. The case seems to have
been tried on both sides on the assumption that the boundary line
in question was a disputed, indefinite and uncertain line. The
plaintiff's husband, who appears to have acted for plaintiff, and the
defendant each testified that it was a disputed, indefinite and uncer-
tain line, and the defendant gave evidence tending to show that the
only way to settle the line was by agreement. He says: "I saw we
would have to agree upon the line, as the line between us was
quite indefinite." Evidence was given tending to show the estab-
lishment of a line between the Hudson river and the Piermont
road by mutual agreement; that the defendant built a fence in
accordance with such agreement — a strong, stone fence. Some
months after so building the fence the defendant built another fence
to the north of this fence, and the ground covered by this last fence
is the subject of the dispute in this action. The defendant denied
the agreement to establish the line, saying that the plaintiff refused
to agree to it. Evidence on each side was given, tending to show
that the true line would go beyond the line of the alleged agree-

ment. Under this state of the proof the court charged the jury to pass upon the question of the agreement to establish the line. If they found the agreement, and that the defendant built his fence upon it, that plaintiff was entitled to recover, if the new fence was north of the agreed line. The defendant excepted to the charge because the court submitted the parol agreement to the jury, and the fact of building the fence on the line so fixed by parol. The defendant requested the court to charge the jury that if the true line was north of the new wall, the defendant was entitled to recover. This was refused. The only questions presented are as to these exceptions. I suppose the law to be well settled that an uncertain, indefinite and disputed line may be agreed upon and established by parol. (*Vosburgh* v. *Teator*, 32 N. Y., 561, and cases cited in the opinion of Judge POTTER.) If the parties could agree in this case the agreement became valid, and the parties could not afterward deny it.

There was no request by the defendant that the court submit the question whether there was a disputed, uncertain and indefinite line to the jury. Such a request would have been proper. The defendant seems to have based his exception solely upon the proposition that a parol agreement can settle no line. I suppose the law to be otherwise. The judgment should be affirmed, with costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.